IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL O'CALLAGHAN,

        Plaintiff,

v.

CITY OF CANNON BEACH,
CANNON BEACH POLICE DEPT.,
CB PO BOWERMAN, LAURA
YOKOYAMA,

        Defendants.

No. 3:16-cv-01676-HZ

OPINION & ORDER

Michael O'Callaghan
P.O. Box 3321
Portland, OR 97210

    Plaintiff Pro Se

HERNÁNDEZ, District Judge:

    Pro se Plaintiff Michael O'Callaghan brings this action against Defendants City of Cannon Beach, Cannon Beach Police Department, Cannon Beach Police Officer Bowman[1], and Laura Yokoyama (collectively, "Defendants"). Plaintiff moves to proceed *in forma pauperis*

---

[1] Plaintiff names "CB PO Bowerman" as a defendant in his Complaint. Compl. 1, ECF 2. However, throughout his Complaint, he refers to an "Officer Bowman." E.g., id. Because the police report also refers the officer as "Bowman," the Court assumes that is the correct name and refers to him as Officer Bowman throughout this Opinion.

1- OPINION & ORDER

(IFP). Because he has no appreciable income or assets, the Court grants the motion. However, the Court dismisses the Complaint.

## BACKGROUND

Plaintiff's Complaint stems from his interactions with the Cannon Beach Police Department and its citation of Plaintiff for prohibited camping on North Cannon Beach. Plaintiff alleges that Defendants violated his constitutional right to be free from unlawful search or seizure and violated his constitutional right to travel. In addition, Plaintiff contends that Defendants committed theft and, thus, violated Oregon Revised Statute § (O.R.S.) 164.015.

On August 18, 2014, Plaintiff was in a coffee shop when Officer Bowman asked him to step outside. Compl. 1, ECF 2. Officer Bowman interrogated Plaintiff and accused Plaintiff of illegally camping in Ecola State Park. Id. at 1-2. Plaintiff responded that the camping ordinance was unconstitutional. Id. at 2. According to Plaintiff, Officer Bowman gave him the "better get out of town before sunset" treatment. Id.

That night, Plaintiff hid and locked his bike, because he knew that the police were looking for him. Id. When he looked for his bike in the morning, it was gone. Id. Plaintiff went to the Cannon Beach Police Department and was told that his bike was there but that he had to wait to talk to "Tom" before he could retrieve the bike. Id.

"The sheriff"[2] arrived at the Police Department and interrogated Plaintiff for "at least 15 minutes," during which time Plaintiff continually invoked his right to remain silent. Id. at 2-3. Eventually, Plaintiff grew tired of the interrogation and said "keep the bike" and began to walk away. Id. at 3. At that point, the sheriff grabbed Plaintiff by the shoulder and placed him under

---

[2] It is not clear whether "Tom" and "the sheriff" is the same person. Compl. 2. Plaintiff attaches a report from the Clatsop County Sheriff's Office that makes clear that "the sheriff" who arrived was Mark Whisler. Compl. 7.

2- OPINION & ORDER

arrest. Id. Plaintiff received a citation for illegal camping. Id. He was then given his bike and allowed to leave. Compl. Ex. 1 at 14.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); see also Neitzke v. Williams, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130–31.

///

3- OPINION & ORDER

**DISCUSSION**

Plaintiff alleges that Defendants (1) violated Plaintiff's Fourth Amendment rights, (2) abridged Plaintiff's constitutional right to travel, and (3) committed theft.

**I.      Claims against City of Cannon Beach and Cannon Beach Police Department**

While Plaintiff does not invoke 42 U.S.C. § 1983, the Court construes his claim as one brought under this statute. Section 1983 does not create any substantive rights, but instead provides a vehicle for plaintiffs to bring federal constitutional and statutory challenges against actions by state and local officials. Naffe v. Frey, 789 F.3d 1030, 1035 (9th Cir. 2015).

"Local government entities are considered 'persons' for purposes of § 1983 and can be sued directly for monetary, declaratory, or injunctive relief where 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers.'" Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting Monell v. Dep't of Soc. Servs. of New York City, 436 U.S. 658, 690 (1978)). However, a municipality "cannot be held liable under § 1983 on a *respondeat superior* theory," that is, "*solely* because it employs a tortfeasor." Monell, 436 at 691.

In order for City of Cannon Beach or Cannon Beach Police Department to be liable under § 1983, Plaintiff must show (1) that he possessed a constitutional right of which he was deprived; (2) that City of Cannon Beach or Cannon Beach Police Department had a policy; (3) that the policy "amounts to deliberate indifference" to Plaintiff's constitutional right; and (4) that the policy is the "moving force behind the constitutional violation." City of Canton v. Harris, 489 U.S. 378, 389-91 (1989). There also must be a "direct causal link" between the policy or custom and the injury, and Plaintiff must be able to demonstrate that the injury resulted from a "permanent and well settled practice." Anderson, 451 F.3d at 1067. See also Fotinos v. Fotinos,

No. 14-15475, 2016 WL 1072351, at *1 (9th Cir. Mar. 18, 2016) (upholding dismissal of a § 1983 claim that "failed to allege facts to support a finding that any of the Defendants acted according to a formal governmental policy or a longstanding practice or custom of the local governmental entity").

Here, even assuming that Plaintiff could show that he possessed a constitutional right of which he was deprived, his claims fail because they lack any allegation that Defendants had a policy or that a policy amounted to deliberate indifference to Plaintiff's rights and was the moving force behind the constitutional violation. Without such an allegation, Plaintiff's claims are nothing more than an effort to hold Defendant liable because it employs certain people, such as Officer Bowman. Such liability is not available under Section 1983.

## II.    Claims against Officer Bowman

The entirety of Plaintiff's allegation regarding Officer Bowman is that Officer Bowman asked him to step outside a coffee shop to talk with him, Officer Bowman interrogated Plaintiff and told him he was camping illegally, and Officer Bowman gave Plaintiff the "better get out of town before sunset" treatment. Compl. 1-2. Plaintiff does not claim that he was unreasonably searched or seized when talking to Officer Bowman; therefore, he fails to state a claim under the Fourth Amendment.

As to Plaintiff's claim regarding the right to travel, he misunderstands what the Privileges and Immunities Clause[3], of the Constitution protects. "[T]he constitutional right to travel from one State to another is firmly embedded in our jurisprudence." Saenz v. Roe, 526 U.S. 489, 498 (1999) (internal quotation marks omitted). The right to travel "embraces at least three different components. It protects the right of a citizen of one State to enter and to leave another State, the

---

[3] Plaintiff refers to the Privileges and Immunities Clause as "Article 4 Section 2 Clause 1" of the Constitution. See Compl. 1.

5- OPINION & ORDER

right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." Id. at 500. "Discrimination on the basis of out-of-state residency is a necessary element for a claim under the Privileges and Immunities Clause." Giannini v. Real, 911 F.2d 354, 357 (9th Cir. 1990). Here, because Plaintiff has not alleged any facts establishing that Officer Bowman discriminated against him on the basis of out-of-state residency, he fails to state a claim.

Even assuming Plaintiff intended to assert a fundamental right to intrastate travel protected by due process, his claim would fail because there is no clear right to intrastate travel. Both the Supreme Court and the Ninth Circuit have declined to address whether citizens have a constitutionally protected liberty interest in travel within a state or municipality. Mem'l Hosp. v. Maricopa Cnty., 415 U.S. 250, 25556 (1974); Nunez by Nunez v. City of San Diego, 114 F.3d 935, 944 (9th Cir. 1997) n. 7; Lauran v. U.S. Forest Serv., 141 F. App'x 515, 520 (9th Cir. 2005). Courts in this District have refused to expand the constitutional liberty interest to include such a right. See, e.g., Fruitts v. Union Cty., No. 2:14-CV-00309-SU, 2015 WL 5232722, at *6 (D. Or. Aug. 17, 2015), report and recommendation adopted, No. 2:14-CV-0309-SU, 2015 WL 5232696 (D. Or. Sept. 8, 2015); Hammel v. Tri–Cnty. Metro. Transp. Dist. of Oregon, 955 F. Supp. 2d 1205, 1210 (D. Or. 2013) (finding it "highly improbable" that the Ninth Circuit would recognize a fundamental right to intrastate travel absent some form of absolute or intentional interference).

Finally, Plaintiff fails to state a claim against Officer Bowman for theft under Oregon law. As a private individual, Plaintiff has no authority to bring criminal charges such as theft. See Clinton v. Jones, 520 U.S. 681, 718 (1997) (explaining that criminal charges must be brought by Executive Branch officials such as a District Attorney or the Attorney General).

However, because this Court has a duty to construe Plaintiff's filing liberally, it considers whether Plaintiff can state a claim for conversion or trespass to chattels instead of theft. See State v. Wise, 150 Or. App. 449, 455, 946 P.2d 363, 366 (1997) (discussing that conversion is the civil action equivalent to a criminal action for theft). Oregon has adopted the definition of "conversion" set forth in Restatement (Second) of Torts § 222A (1965). Scott v. Jackson Cty., 244 Or. App. 484, 499–500, 260 P.3d 744, 752 (2011) (citing Mustola v. Toddy, 253 Or. 658, 664, 456 P.2d 1004 (1969)). That definition provides that "conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Restatement (Second) of Torts § 222A (1965); see also Mustola, 253 Or. at 633. The Restatement further provides that:

> In determining the seriousness of the interference and the justice of requiring the actor to pay the full value, the following factors are important:
>
> (a) the extent and duration of the actor's exercise of dominion or control;
> (b) the actor's intent to assert a right in fact inconsistent with the other's right of control;
> (c) the actor's good faith;
> (d) the extent and duration of the resulting interference with the other's right of control;
> (e) the harm done to the chattel;
> (f) the inconvenience and expense caused to the other."

Id. The list of factors in the Restatement for determining "whether a conversion occurs is nonexclusive . . . and no one factor is considered dispositive." Scott v. Jackson Cty., 244 Or. App. 484, 500, 260 P.3d 744, 753 (2011) (citation omitted). Under Oregon law, "[t]he elements of a claim for trespass to chattels are, for relevant purposes, the same [as a claim for conversion]; the only arguable differences are the extent of the interference and remedy." Graham v. U.S. Bank, Nat'l Ass'n, No. 3:15-CV-0990-AC, 2015 WL 10322087, at *12 (D. Or. Dec. 2, 2015),

7- OPINION & ORDER

report and recommendation adopted, No. 3:15-CV-00990-AC, 2016 WL 393336 (D. Or. Feb. 1, 2016) (citing Scott, 244 Or. App. at 500).

Even construing Plaintiff's theft claim as one for conversion or trespass to chattels, dismissal is still appropriate. "Interference with another's property alone is not sufficient to amount to conversion; there need be intent to assert a right over the property." Brooks v. Caswell, No. 3:14-CV-01232-AC, 2016 WL 1056977, at *6 (D. Or. Mar. 14, 2016) (citing Fogh v. McRill, 153 Or. App. 159, 167 (1998)). Plaintiff alleges that there was "collusion between the CB Police and the sheriff to deprive plaintiff of his property so as to trap him." Compl. 3. Assuming "CB Police" refers to Officer Bowman, Plaintiff's allegation lacks the requisite intent to state a claim for conversion because he does not allege that Officer Bowman intended to assert a right over his bike inconsistent with Plaintiff's ownership interest, but rather that Officer Bowman intended to use the bike as a way of enticing Plaintiff to come to the police station. Further, the fact that Officer Bowman may have kept Plaintiff's bike for one night cannot be said to be "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel," especially given that there was no damage to the bike. See Brooks, 2016 WL 1056977 at *6 (citing Madden v. Condon Nat. Bank, 76 Or. 363, 370 (1915) ("[A] plaintiff may recover damages in an action for conversion only if the plaintiff can demonstrate she actually suffered injury.")). While Plaintiff may have been inconvenienced for a night, there is no allegation that this temporary deprivation of his bike caused him any expense. In sum, the Court considers the factors listed in the Restatement and concludes that Plaintiff cannot state a claim.

8- OPINION & ORDER

### III. Claims against Laura Yokoyama

Plaintiff's Complaint does not mention defendant Laura Yokoyma. As an exhibit to the Complaint, Plaintiff attaches an email from Ms. Yokoyama which identifies her as an Administrative Assistant at Cannon Beach Police Department. Compl. 8. It appears that someone (the sender's name is erased) sent Ms. Yokoyama a photo of Plaintiff and Ms. Yokoyama forwarded the photo to Officer Bowman. <u>Id.</u> Without any more information about Ms. Yokoyama or any allegations regarding her conduct, Plaintiff fails to state any claim against her.

## CONCLUSION

Plaintiff's application for leave to proceed IFP [1] is granted. However, Plaintiff's Complaint [2] is dismissed. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint which cures the deficiencies noted may result in the dismissal of this proceeding with prejudice.

IT IS SO ORDERED.

Dated this _____5_____ day of _____Oct_____, 2016

_____
MARCO A. HERNÁNDEZ
United States District Judge