IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL O'CALLAGHAN,

        Plaintiff,

    v.

CITY OF CANNON BEACH,
CANNON BEACH POLICE DEPT.,
CB PO BOWERMAN, LAURA
YOKOYAMA,

        Defendants.

No. 3:16-cv-01676-HZ

OPINION & ORDER

Michael O'Callaghan
P.O. Box 3321
Portland, OR 97210

    Plaintiff Pro Se

1- OPINION & ORDER

HERNÁNDEZ, District Judge:

Pro se Plaintiff Michael O'Callaghan brings this motion to reconsider the Court's decision to grant Plaintiff leave to proceed *in forma pauperis* but dismiss Plaintiff's complaint for failure to state a claim. The Court denies Plaintiff's motion for reconsideration and allows Plaintiff 30 days to submit an amended complaint that complies with this decision and the Court's previous Opinion & Order (O&O).

## BACKGROUND

On October 5, 2016, the Court issued an Opinion & Order granting Plaintiff's motion for leave to proceed *in forma pauperis* but dismissing Plaintiff's complaint. O&O, ECF 6. The Court provided Plaintiff with an opportunity to file an amended complaint within 30 days of the order. Plaintiff was advised that failure to file an amended complaint within 30 days of the Court's order would result in the dismissal of this proceeding, with prejudice.

Plaintiff sought, and was granted, a 30-day extension of time to file his amended complaint. Therefore, his complaint was due on December 7, 2016. To date, no amended complaint has been filed. Instead, on December 19, 2016, Plaintiff filed a "Motion for Reconsideration." Plaintiff's motion does not amend his complaint but, instead, disputes this Court's previous conclusion that Plaintiff failed to state a claim.

## STANDARDS

A party may seek reconsideration of a ruling under Rule 60(b) of the Federal Rules of Civil Procedure. "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir. 1994) (citation and quotation marks omitted). Under Rule 60(b), a court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly

discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). However, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citing 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

## DISCUSSION

Plaintiff's motion fails to satisfy any of the reasons set forth by Rule 60(b) for granting a motion for reconsideration. Plaintiff fails to offer any new facts or arguments to change this Court's conclusion that his complaint, as filed, fails to state a claim. However, instead of dismissing Plaintiff's case, the Court discusses the issues raised in the motion for reconsideration and allows Plaintiff an additional 30 days to submit an amended complaint.

Plaintiff's motion for reconsideration contends that this Court made two errors in its recitation of the facts of the case. First, Plaintiff asserts that he was cited for camping north of Seaside, Oregon, which is north of Cannon Beach, not for camping on North Cannon Beach, as this Court stated. See O&O 2, ECF 6. Second, Plaintiff states that, contrary to this Court's factual summary in the O&O, "Cannon Beach did not cite the plaintiff." Mot. Recons. 1, ECF 9. The Court notes these corrections for the purposes of considering Plaintiff's motion for reconsideration. However, the Court also notes that these facts are not clear in Plaintiff's complaint and the citation that he attaches as an exhibit to the complaint is illegible. Thus, the

3- OPINION & ORDER

Court encourages Plaintiff, if he files an amended complaint, to make his factual summary as clear and specific as possible so that the Court can properly analyze his claims.

Plaintiff contends that "[t]he Court in its background avoids three law violations by the actions of these law enforcement officials." Id. at 1-2. Plaintiff argues that Defendants committed theft in violation of Oregon Revised Statute §§ (O.R.S.) 164.015 and 164.095, and violated various provisions of O.R.S. 153.039 in the manner they arrested and handcuffed Plaintiff. Id. at 2. The Court has already explained to Plaintiff that, as a private individual, Plaintiff has no authority to bring criminal charges such as theft. O&O at 6. The Court also already construed Plaintiff's theft claim as one for conversion or trespass to chattels and found that he failed to state a claim. Id.

As for the violations of O.R.S. 153.039, Plaintiff's motion for reconsideration does not specify who he alleges arrested and handcuffed him. However, based on his correction of the record to specify that "Cannon Beach did not cite the plaintiff" and his inclusion of records from the Clatsop County Sheriff's Department, the Court infers that the arrest was made by the Clatsop County Sheriff or his employees, none of whom are named defendants in this case. O.R.S. 153.039 provides procedures for stops and detentions for violations. Construing Plaintiff's allegations in his motion for reconsideration liberally, he appears to argue that his Fourth Amendment rights were violated because the Clatsop County Sheriff or his employees did not follow the procedures set forth in O.R.S. 153.039. However, this allegation is not made in Plaintiff's complaint. If Plaintiff intends to make this allegation, he must do so clearly in an amended complaint against the proper defendants.

Plaintiff also challenges this Court's conclusion that the fact that Officer Bowman may have kept Plaintiff's bike for one night cannot be said to be "an intentional exercise of dominion

4- OPINION & ORDER

or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel," especially given that there was no damage to the bike. O&O at 8 (citing Brooks v. Caswell, No. 3:14-CV-01232-AC, 2016 WL 1056977, at *6 (D. Or. Mar. 14, 2016)). According to Plaintiff, if he had not shown up to retrieve his bike, the police would have disposed of the bike. Even assuming Plaintiff is correct, this does not change the Court's ruling that Plaintiff fails to state a claim for conversion or trespass to chattels because Plaintiff alleged that the police's intent in holding his bike was to entice him to come to the police station, not to assert an ownership interest over the bike.

The remainder of Plaintiff's motion for reconsideration discusses his view of the "class clash" he perceives between himself, law enforcement, and the judicial system. Mot. Recons. 3-4. Plaintiff describes how many of his judicial appeals have been rejected and how City of Portland employees have stolen property from him, such as tents, sleeping bags, and cameras. Id. This Court is sympathetic to Plaintiff's frustrations over his effort to pursue judicial remedies. However, such sympathy cannot replace this Court's responsibility to review Plaintiff's complaint filed *in forma pauperis* and dismiss the complaint if it fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2).

///

///

///

5- OPINION & ORDER

## CONCLUSION

Plaintiff's motion for reconsideration [9] is denied. Plaintiff is given 30 days from the date below to file an amended complaint that complies with this Opinion & Order and the Court's October 6, 2016 Opinion & Order. Failure to do so will result in the dismissal of this case with prejudice.

IT IS SO ORDERED.

Dated this \_\_\_\_\_5\_\_\_\_\_ day of \_\_\_\_\_January\_\_\_\_\_, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge

6- OPINION & ORDER